**Dismissed and Memorandum Opinion filed December 13, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-16-00805-CV

## AMY CHANG, CPA, Appellant

## V.

## YONG LIN AND WIFE, XUEFANG YANG, Appellees

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2016-15422A**

## M E M O R A N D U M   O P I N I O N

Appellant filed a notice of appeal from an interlocutory order denying appellant's motion to dismiss filed pursuant to Texas Rule of Civil Procedure 91a. Rule 91a allows a party to move to dismiss a cause of action on the ground that it has no basis in law or in fact. *See Wooley v. Schaffer*, 447 S.W.3d 71, 74 (Tex. App.—Houston [14th Dist.] 2014, pet. filed). An order denying a motion to dismiss is an interlocutory order. Appellate courts have jurisdiction to consider

immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). The substance of the Rule 91a motion does not challenge the trial court's subject-matter jurisdiction and therefore there is no arguable basis for an interlocutory appeal under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. Because there is no statutory authorization, an interlocutory appeal is not permitted in this situation. *S. Cent. Houston Action v. Stewart*, 14-15-00088-CV, 2015 WL 1508699, at *1 (Tex. App.—Houston [14th Dist.] Mar. 31, 2015, no pet.) (holding that appellate court has no jurisdiction over the denial of a motion to dismiss under Rule 91a). On November 14, 2016, the court notified the parties that the appeal would be dismissed for want of jurisdiction unless any party filed a response on or before November 28, 2016, demonstrating this court's jurisdiction over the appeal. No response was filed.

The appeal is ordered dismissed.


PER CURIAM


Panel consists of Chief Justice Frost and Justices McCally and Brown.